[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Pamela Reid (now Pamela Johnson), appeals from a post-dissolution decree entered in the Paulding County Court of Common Pleas, modifying a shared parenting plan and granting the motion of Timothy Reid (Timothy) for reallocation of parental right and responsibilities.
Pamela and Timothy have two children, Derek Reid, born June 13, 1991 and Anthony Reid, born September 2, 1992. The parties were married on July 12, 1992. On December 27, 1996, the parties' marriage was dissolved and an agreed shared parenting plan was adopted by the court. Under the plan, parenting of the two boys was to be shared equally, with the children residing with one parent for two weeks and then the other parent the following two weeks on an alternating basis.
Sometime after dissolution, without court action, the parties altered their shared parenting arrangements on a schedule more conducive to their working hours. The children resided with Pamela during weekdays, visited with Timothy in the evening and returned to Pamela's home to sleep. The children also stayed with Timothy every other weekend. In the Fall of 1997, the parties returned to the alternating two week parenting schedule ordered by the court because Pamela travelled to Texas periodically. On November 16, 1997 Pamela married Tait Johnson, who resides in Conroe, Texas.
On July 15, 1997, Pamela filed a motion stating, "Pamela S.Reid, will move to the Houston, Texas area on or about August 15,1997 with the minor children of the parties," and requesting "anorder of reasonable visitation for the minor children of theparties with their father." Thereafter, Timothy requested that Pamela's motion be dismissed and that the shared parenting plan be modified to designate him residential parent and legal custodian of Derek and Anthony. Pamela then filed an additional motion requesting that the shared parenting plan be modified to designate her as the boys' residential parent, or in the alternative, that the shared parenting plan be modified to permit Timothy to have his shared parenting during holidays and the summer months.
After hearing, the court overruled Pamela's motions and granted Timothy's motion for modification of the shared parenting plan, designating him residential parent and legal custodian of the boys. Pamela was afforded visitation during the summer months and on holidays. Pamela now takes this appeal from that judgment.
Pamela raises three assignments of error.
 I.
Pamela's first assignment of error states:
 The trial court erred in not conducting an in camera interview of the children, when a motion had been filed by Appellant requesting the in camera interview. Failing to conduct the interview is contrary to R.C. § 3109.04(B)(1) and § 3109.04(F)(1)(B).
As provided in R.C. § 3109.04(B)(1):
 In determining the child's best interest for purposes of making its allocation of parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.
R.C. § 3109.04(B)(1) (emphasis added).
Though the statute requires the trial court to conduct an interview with a child if requested by either party, here Pamela has not demonstrated by reference to the record how the court's failure to interview the children was prejudicial to her. Pamela called seven witnesses in her case in chief. At the conclusion of her case, the court inquired whether Pamela had anything further to present. Her counsel responded "No, your Honor." (Tr.Rec. p. 64). At no time during the hearing did Pamela raise the issue of an in camera interview with the children. Further, as might be shown by a precipe, a return for subpoena, or a statement on the record, there is no indication in the record that Derek and Anthony were present and available for an interview at the time of the hearing.
Pamela cites an unreported decision of the Clermont county court of appeals in support of her claim of error. Neagle v.Neagle (Jan. 31, 1994), Clermont App. No. CA93-06-041, unreported. In Neagle, the court held that an in camera interview must be conducted if a party makes a request for such an interview at any time prior to final judgment. Id. There, the trial court expressly refused to conduct an in camera interview because neither party had requested an interview when the case was heard by the magistrate. Id.
Because children's wishes are not controlling upon the court, but are only one among several factors a court considers when determining what is in the children's best interests, in view of the tender age of these two young children, the court's failure to interview was harmless. R.C. § 3109.04(F)(1)(a)-(j). Although Pamela's motion for an in camera interview was timely, because Pamela has not demonstrated that failure to conduct the interview was prejudicial, her first assignment of error is overruled.
 II.
Pamela's second assignment of error states:
 The trial court erred by proceeding with a custody hearing without a written report filed by the guardian ad litem with regard to his investigation, even though requested by Appellant to do so, all contrary to R.C. § 3109.04(C) and Ohio Civil Rule 75.
Neither R.C. § 3109.04(C) or Civil Rule 75 specifically address reports of a guardian ad litem. First, R.C. 3109.04(C) concerns reports from a court ordered "investigation" of "each parent." Nothing in this provision relates to the appointment or duties of a guardian ad litem. Further, Civ.R. 75(D) again concerns only court ordered investigations of "the character, family relations, past conduct, earning ability, and financial worth of the parties to the action." (emphasis added). Though this rule is only applicable when "minor children are involved," it does not require that the investigation be made by the guardianad litem or that reports authorized by the rule be made by or include recommendations of a guardian ad litem.
The only statutory provision relating directly to the duties of a guardian ad litem during a court's determination of whether a shared parenting plan is in a child's best interests, provides merely that "[t]he recommendation of the guardian ad litem" is a factor to be considered. R.C. § 3109.04(F)(2)(e). This provision does not require the guardian ad litem to file a written report, unlike R.C. § 2151.414(C) applicable in juvenile permanent custody hearings, requiring that a written report of a guardian ad litem
shall be filed with the court prior to hearing.
Here, the guardian ad litem gave an oral summary of his recommendation at the final hearing. Pamela did not object to the guardian ad litem's oral recommendation and did not inquire about the basis for his recommendation. Accordingly, we see no error prejudicial to Pamela here. Pamela's second assignment of error is overruled.
 III.
Pamela's third assignment of error states:
 The trial court erred in finding a change in circumstances and thereby terminating the shared parenting plan when the only change in circumstances, Appellant's proposed move to Texas, would only occur and the Appellant would only move to Texas, if the court allowed her to take the children with her.
Pamela and Timothy entered an agreed shared parenting plan upon dissolution of their marriage. Neither party was designated sole residential parent of Derek and Anthony. The shared parenting plan, adopted by the court in its decree of dissolution, required an even division of parenting responsibilities, alternating the children's residence between Pamela and Timothy.
Pamela cites R.C. § 3109.04(E)(1)(a) in support of her argument that the trial court improperly found a change in circumstance based on her proposed move to Texas. Revised Code § 3109.04(E)(1)(a) does require a court to find a change in the circumstances of the children, residential parent or either parent subject to a shared parenting decree, before a prior decree allocating parental rights and responsibilities for the care of the children may be modified. That statute provides:
 (E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
* * *
R.C. § 3109.04(E)(1) (emphasis added).
However, parental rights and responsibilities may also be modified by another division within this section, R.C. § 3109.04(E)(2), which states:
 In addition to a modification authorized under division (E)(1) of this section:
* * *
 (b) The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.
 The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. * * *
 If modification of the terms of the plan for shared parenting approved by the court and incorporated by it into the final shared parenting decree is attempted under division (E)(2)(a) of this section and the court rejects the modifications, it may terminate the final shared parenting decree if it determines that shared parenting is not in the best interest of the children.
 (d) Upon the termination of a prior final shared parenting decree under division (E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made.
R.C. § 3109.04(E)(2) (emphasis added).
As is evident from this division, a court may modify a prior shared parenting decree if it determines that a modification is in the best interest of the children. This determination may be made without a preliminary determination into whether there was also a change in circumstances. R.C. § 3109.04(E)(2). Further, division (E)(1) of the section creates a presumption that "the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree." R.C. § 3109.04(E)(1)(a) (emphasis added). Here, neither Pamela or Timothy was previously designated residential parent of Derek and Anthony. Therefore, it was not necessary to determine whether a change in circumstances had occurred requiring a change of residence from one to the other. Although a finding of change in circumstances may be a necessary prerequisite for reallocating parental rights and responsibilities under R.C. § 3109.04(E)(1), the trial court's determination here that a change in circumstances had occurred merely underscores its determination that Derek and Anthony's best interest required designation of a single residence for their care. R.C. § 3109.04(E)(2)(b)-(d).
The record supports the trial court's finding that "a true Shared Parenting arrangement is no longer geographically or physically possible and that modification of the prior Decree isnecessary to serve the best interests of the children * * *." (Trial Court Decision p. 2) (emphasis added). Accordingly, the court's decision to terminate the shared parenting plan and to designate a single residential parent for the best interests of the children is not error, but sanctioned by statute. R.C. § 3109.04(E)(2).
Pamela's third assignment of error is overruled.
Judgment affirmed.
 EVANS and HADLEY, JJ., concur.